IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | Crim. No. CCB-10-712 |
| | * | |
| TROY BOATWRIGHT | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending is Troy Boatwright's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) (ECF 48). Boatwright seeks relief on the basis that he suffers from asthma, hypertension, and renal insufficiency and that these conditions increase his risk of severe illness from COVID-19.

The court is not persuaded that Boatwright's proffered reasons for compassionate release rise to the level of "extraordinary and compelling reasons" within the meaning of § 3582(c)(1)(A)(i).[1] The medical records Boatwright submitted with his motion support only the contention that he has asthma of an unspecified severity and hypertension. (ECF 48-3). The court does not doubt that Boatwright's asthma and hypertension impacts his life, but the CDC's data collection shows that while moderate-to-severe asthma and hypertension "can make you more likely to get severely ill from COVID-19," *see COVID-19: People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

---

[1] Under 28 U.S.C. § 994(t) the United States Sentencing Commission has the responsibility to define "what should be considered extraordinary and compelling reasons for sentence reduction" under § 3582(c)(1)(A). The most recent Sentencing Commission policy statement defining "extraordinary and compelling reasons" for sentence reduction, Guideline § 1B1.13, predates the First Step Act and, as the Fourth Circuit recently held, is not a policy statement that applies to motions for compassionate release brought by defendants, because its plain text "constrains the entire policy statement to motions filed solely by the BOP, . . . and not by defendants themselves." *United States v. McCoy*, 981 F.3d 271, 281–82 (4th Cir. 2020) (internal quotation marks and citation omitted). In the absence of an "applicable policy statement[] issued by the Sentencing Commission" concerning what may be an "extraordinary and compelling reason" for compassionate release when a defendant brings a motion under § 3582(c)(1)(A), "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *Id.* at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)).

conditions.html (updated Aug. 20, 2021), the scientific evidence supporting that conclusion is, at this time, "mixed," *see COVID-19: Underlying Medical Conditions Associated with High Risk for Severe COVID-19: Information for Healthcare Providers*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html (updated May 13, 2021). Absent evidence of other underlying conditions that make Boatwright particularly vulnerable to COVID-19, the court does not believe these conditions alone are grounds for compassionate release. *See United States v. Hicks*, No. CR JKB-18-252, 2020 WL 5076952, at *2 (D. Md. Aug. 27, 2020) (holding that a defendant's ". . . asthma and hypertension . . . do not sufficiently differentiate him from the thousands of similarly situated incarcerated individuals to constitute an extraordinary and compelling reason for judicial relief"); *United States v. Wiggins*, No. CR ELH-13-512, 2020 WL 4436373, at *6 (D. Md. Aug. 3, 2020) (declining to find defendant's mild asthma during the COVID-19 pandemic was an extraordinary and compelling reason for compassionate release).[2]

Accordingly, Boatwright's motion for compassionate release (ECF 48) is DENIED WITHOUT PREJUDICE to renewal if there is evidence of changed circumstances.

So Ordered this __27th__ day of August, 2021.

                                                  __/S/_____
                                                  Catherine C. Blake
                                                  United States District Judge

---

[2] Unpublished opinions are cited for the soundness of their reasoning rather than any precedential value.